**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4880**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ILEANA SERDARU,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:18-cr-00051-ELH-1)

Submitted: September 26, 2019                    Decided: October 9, 2019

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Justin Eisele, MIRRIAM Z. SEDDIQ, LLC, Upper Marlboro, Maryland, for Appellant. Robert K. Hur, United States Attorney, Paul A. Riley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Ileana Serdaru pled guilty to conspiracy to commit access device fraud (Count 1), in violation of 18 U.S.C. § 1029(a)(1), (b)(2) (2012), and aggravated identity theft (Count 3), in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2012). The district court sentenced Serdaru to 30 months on Count 1 and the statutorily mandated 24 months, to run consecutively, on Count 3, for a total sentence of 54 months. Serdaru now appeals.

In her opening brief, Serdaru contends that she received ineffective assistance of counsel because her trial counsel failed to review her plea agreement with her in her native language, Romanian, and failed to offer mitigating evidence at sentencing. The Government has filed a response brief, arguing that Serdaru specifically affirmed during the Fed. R. Crim. P. 11 plea colloquy that, with the aid of an interpreter, she had read and understood the plea agreement and was "completely satisfied" with her counsel's representation. The Government further contends that Serdaru's argument that counsel failed to proffer mitigating evidence is barred by the appellate waiver included in Serdaru's plea agreement.

To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant satisfies the prejudice prong if she can establish "a reasonable probability that, but for counsel's

2

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).

Serdaru first argues that her trial counsel rendered ineffective assistance by failing to review her plea agreement with her in her native language and that, as a result, her guilty plea and waiver of appellate rights are invalid. Upon review of the plea agreement, the transcript of the Fed. R. Crim. P. 11 hearing, the transcript of the sentencing hearing, and the parties' post-sentencing filings, we conclude that Serdaru's contention that she did not review the plea agreement in Romanian is belied by the record below. The district court repeatedly confirmed with Serdaru that the plea agreement had been interpreted into Romanian for her, that she had fully discussed it with her attorney, and that she had no unanswered questions about the terms of the plea agreement. "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (alterations and internal quotation marks omitted). The record does not contain conclusive evidence that counsel was ineffective, and Serdaru's guilty plea and waiver of her appellate rights were knowingly and voluntarily entered.

Serdaru next argues that her trial counsel was constitutionally ineffective because he failed to present mitigating evidence on her behalf at sentencing. The Government contends that trial counsel did, in fact, present mitigation evidence and, moreover, that Serdaru cannot evade her valid appellate waiver by framing her challenge to her sentence

as a claim of ineffective assistance of counsel. We have previously noted that a "narrow class of claims" may be raised despite a valid general appellate waiver. *Id.* at 220 n.2. This narrow class includes claims that sentencing proceedings "were conducted in violation of [a defendant's] Sixth Amendment right to counsel." *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994). However, because the record does not conclusively establish ineffective assistance of counsel, we conclude that this "claim should be raised, if at all, in a 28 U.S.C. § 2255 [(2012)] motion." *Faulls*, 821 F.3d at 508.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*